**AKERMAN LLP**
JUSTIN D. BALSER (CA SBN 213478)
Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

*Attorneys for Defendants*
Aurora Loan Services LLC;
Mortgage Electronic Registration Systems, Inc.; and
Deutsche Bank Trust Company Americas, *solely in its capacity as*
Trustee for the Certificateholders of the RALI Series 2007-QH9 Trust Mortgage Asset-Backed Pass-Through Certificates, Series QH9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IRENE B. FLORES and PANFILO L. FLORES, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and DEUTSCHE BANK TRUST COMPANY AMERICAS as Trustee for RALI SERIES 2007-QH9 TRUST MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-QH9,<br><br>Defendants. | Case No.: CV13-4338-JSW<br>Hon. Judge Jeffrey S. White<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing**<br>Date: February 7, 2014<br>Time: 9:00 a.m.<br>Crtrm: 11-19th Floor<br><br>Complaint Filed: September 19, 2013<br>Trial Date:           None |

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants Aurora Loan Services LLC (**Aurora**), Mortgage Electronic Registration Systems, Inc. (**MERS**), and Deutsche Bank Trust Company Americas as Trustee for RALI Series 2007-QH9 Trust Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QH9 (**Deutsche Bank**) (collectively **defendants**) hereby submit their reply in further support of their motion to dismiss plaintiffs' complaint and request for judicial notice.

{27495792;1}                                                                                                                    CASE NO. CV13-4338-JSW
**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**

# TABLE OF CONTENTS

**I.** INTRODUCTION ................................................................................................................. 1

**II.** DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED ................................... 1

    **A.** Plaintiffs' Claims Should be Barred by Judicial Estoppel. ...........................................1

    **B.** Plaintiffs' Claims are Barred Because They Failed to Tender. ....................................2

    **C.** Plaintiffs Lack Standing to Challenge the Securitization of the Loan. .........................2

    **D.** MERS acts as the Nominee for the Lender and the Lender's Successors and Assigns. .........................................................................................................................5

    **E.** There is no Basis to Find the Assignment was Executed without Authority................5

    **F.** Plaintiffs Cannot Quiet Title. ........................................................................................6

    **G.** No Slander of Title........................................................................................................7

    **H.** Plaintiffs' Fraud Claim Remains Deficient. .................................................................7

    **I.** Plaintiffs Lack Standing to Pursue Their UCL Claim and it Otherwise Lacks Merit................................................................................................................................7

    **J.** Plaintiffs' Unjust Enrichment Claim Fails. ...................................................................8

    **K.** Defendants Moved to Dismiss Plaintiffs' Claim for Cancellation of Instruments.........8

**III.** DEFENDANTS' REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED.............. 8

**IV.** CONCLUSION.................................................................................................................... 10

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{27495792;1}      i      CASE NO. CV13-4338-JSW

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Lerner,*
  32 Cal.4th 974 (2004) ............................................................................................................. 1

*Almutarreb v. Ban of NY Trust Co., N.A.,*
  No. C 12-3061 EMC, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012) .................................. 3

*Armstrong v. Chevy Chase Bank, FSB,*
  2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ......................................................................... 5

*Benham v. Aurora Loan Servs.,*
  No. C-09-2059, 2009 WL 2880232 (N.D. Cal. Sept. 1, 2009) ............................................. 4

*Cervantes v. Countrywide Home Loan, Inc.,*
  656 F.3d 1034 (9th Cir. 2011) .............................................................................................. 6

*Chua v. IB Prop. Holdings, LLC,*
  2011 WL 3322884 (C.D. Cal. Aug. 1, 2011) ........................................................................ 6

*Deerinck v. Heritage Plaza Mortg. Inc.,*
  2012 WL 1085520 (E.D. Cal. Mar. 30, 2012) ...................................................................... 5

*Distor v. US Bank N.A.,*
  No. C 09-02086 SI, 2009 U.S. Dist. LEXIS 98361 (N.D. Cal. Oct. 22, 2009) .................... 6

*Diunugala v. JP Morgan Chase Bank, N.A.,*
  No. 12CV2106, 2013 WL 5568737 (S.D. Cal. Oct. 3, 2013) ............................................... 4

*Fleming v. Kagan,*
  189 Cal.App.2d 791 (1961). .................................................................................................. 2

*Fontenot v. Wells Fargo Bank, N.A.,*
  198 Cal.App.4th 256 (2011) ......................................................................................... 5, 8, 9

*Glaski v. Bank of America, N.A.,*
  218 Cal.App.4th 1079 (2013) ............................................................................................ 3, 4

*Gomes v. Countrywide Home Loans, Inc.,*
  192 Cal.App.4th 1149 (2011) ............................................................................................... 3

*Hale v. World Sav. Bank,*
  2012 WL 4675561 (E.D. Cal. Oct. 1, 2012) ......................................................................... 5

*Hamilton v. State Farm Fire & Casualty Co.,*
  270 F.3d 778 (9th Cir. 2001) ................................................................................................ 1

*Hosseini v. Wells Fargo Bank, N.A.,*
  2013 WL 4279632 (N.D.Cal. Aug 09, 2013) ....................................................................... 3

*In re Correria,*
  542 B.R. 319 (1st Cir. BAP 2011) ........................................................................................ 3

*In re Salazar,*
  448 B.R. 814 (S.D. Cal. 2011) .............................................................................................. 2

*Jenkins v. J.P. Morgan Chase,*
  216 Cal.App.4th 497 (2013) ...................................................................................... 2, 3, 4, 5

*Lyshorn v. J.P.Morgan Chase Bank, N.A.,*
  No. C 12–05490 JSW, 2013 WL 792632 (N.D.Cal. Mar. 4, 2013) ..................................... 3

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*McLaughlin v. Wells Fargo Bank, N.A.*,
  2012 WL 5994924 (C.D. Cal. Nov. 30, 2012) ........................................................................5

*Mulato v. WMC Mortgage Corp.*,
  No. 09-3443, 2010 WL 1532276 (N.D. Cal. April 16, 2010) ...............................................4

*Naranjo v. SBMC Mortgage*,
  2012 WL 3030370 (S.D. Cal. July 24, 2012) .....................................................................3, 7

*Newman v. Bank of New York Mellon*,
  No. 12-CV-1629 AWI GSA, 2013 WL 5603316 (E.D. Cal. Oct. 11, 2013).......................4

*Rodriguez v. Oto*,
  212 Cal. App. 4th 1020 (2013) ..............................................................................................4

*Sabherwal v. Bank of New York Mellon*,
  No. 11CV2874, 2013 WL 4833940 (S.D. Cal. Sept. 10, 2013) .......................................2, 4

*Sacchi v. Mortgage Electronic Registration Systems, Inc.*,
  No. CV-11-1658 AHM (CWx) 2011 WL 6294472 (S.D. Cal. June 24, 2011)..................2

*Sami v. Wells Fargo Bank,*
  2012 U.S. Dist. LEXIS 38466 (N.D. Cal. Mar. 21, 2012) ...................................................5

*Shimpones v. Stickney*,
  219 Cal. 637 (1934)................................................................................................................6

*Tamburri v. Suntrust Mortgage, et al.*,
  No. C-11-2899 EMC WL 6294472 (N.D. Cal. Dec. 15, 2011)...........................................2

*Twain Harte Homeowners Ass'n v. Patterson*,
  193 Cal.App.3d 184 (1987) ...................................................................................................6

**Other Authorities**

14A Cal. Jur. 3d *Contracts* § 310 ....................................................................................................4

**Rules**

Fed. R. Civ. P. 11............................................................................................................................9

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{27495792;1}   iii   CASE NO. CV13-4338-JSW
**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**

## I. INTRODUCTION

Despite the sheer girth of plaintiffs' opposition, it misses the mark entirely and in no way refutes the valid bases to dismiss the complaint advanced by defendants. In their fourth lawsuit against defendants, plaintiffs remain steadfast in their nonsensical position. Plaintiffs claim some unspecified failed attempts to securitize the loan—a transaction which they were not a party to and which has no effect on Irene Flores' obligations to make payments on the loan—somehow renders the foreclosure notices "fraudulent," voids the completed trustee's sale, and entitles them to restitution of the payments they made on the loan. In other words, plaintiffs ask this Court to unwind the sale, restore title in their name, and award them a free property and "damages" for payments they made pursuant to the contractual obligation Irene Flores undertook when she undisputedly received the $862,500 loan. Their position defies logic and is contrary to California law. Their opposition to defendants' request for judicial notice similarly lacks merit.

## II. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED

### A. Plaintiffs' Claims Should be Barred by Judicial Estoppel.

Putting aside the fundamentally flawed theory of recovery they advance, plaintiffs' complaint suffers from numerous fatal deficiencies incapable of amendment or cure. Plaintiffs' contentions they "simply were unaware" of their purported claims at the time they filed for bankruptcy and they are not vexatious litigators appear strained in light of the undisputed facts. Irene Flores defaulted on the loan approximately three years ago, and since that time she and Panfilo Flores have filed a combined four civil actions against defendants, two of which included failed attempts to secure injunctions because the court each time found plaintiffs could not demonstrate a likelihood of success on the merits, three bankruptcies which were all dismissed with the debtors being barred from filing and which failed to disclose their purported claims, as well as four frivolous motions and one baseless removal in the ongoing unlawful detainer action. *See* RJN Exs. 6-19, 24-31. This is precisely the type of "fast and loose" play the doctrine of judicial estoppel was created to prevent. *See Hamilton v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 783 (9th Cir. 2001); *Aguilar v. Lerner,* 32 Cal.4th 974, 986 (2004).

**B. Plaintiffs' Claims are Barred Because They Failed to Tender.**

Plaintiffs are required to tender the amount due on the loan to challenge the completed foreclosure sale. Plaintiffs string cite to multiple cases, without further parenthetical explanation, for the proposition they need not tender. None of the cited cases save plaintiffs here.[1] The *Tamburri* opinion is a non-precedential unpublished decision which fails to follow prevailing California state authorities and is distinguishable because plaintiff had posted a bond, and in its equitable capacity the court declined to apply a "blanket requirement of the tender rule at the pleading stage." *Tamburri v. Suntrust Mortgage, et al.*, No. C-11-2899 EMC WL 6294472 (N.D. Cal. Dec. 15, 2011). In *Sacchi*, the court merely noted "tender may be inequitable in certain circumstances, that the rule is not an absolute bar and specifically held tender is not required where a plaintiff alleges a violation of section 2923.5. *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV-11-1658 AHM (CWx) 2011 WL 6294472 at *10 (S.D. Cal. June 24, 2011). Plaintiffs do not explain how *Sacchi* saves their claims. The *Fleming* opinion simply finds that where a contract is void there is no obligation to make restitution. 189 Cal.App.2d 791, 798-99 (1961). Plaintiffs fail to articulate how this opinion would aid them in avoiding the tender requirement to unwind the trustee's sale. *In re Salazar* does not discuss tender at all. 448 B.R. 814, 819 (S.D. Cal. 2011). That case, which was the pre-Homeowners Bill of Rights, held an assignment of the beneficial interest in the deed of trust must be recorded before a trustee's sale, and was subsequently reversed and remanded.

**C. Plaintiffs Lack Standing to Challenge the Securitization of the Loan.**

Plaintiffs' allegations regarding the securitization of the loan in no way articulate a claim. They dedicate more than four pages to argue they are entitled to and have properly challenged the chain of title on the loan and defendants are not "the real party in interest." However, plaintiffs' lack standing to challenge the securitization of the loan, *see, e.g., Sabherwal v. Bank of New York Mellon*, No. 11CV2874, 2013 WL 4833940, *4 (S.D. Cal. Sept. 10, 2013); *Jenkins*, 216 Cal.App.4th 497, 514-15 (2013), lack standing to allege a breach of the PSA, *see id.*, or to challenge MERS authority to

---

[1] Two citations are irretrievable and cannot be considered, *Subramani and Frazier*.

initiate foreclosure and assign its beneficial interest in the deed of trust to Aurora. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1152-57 (2011).

In the face of this case law, plaintiffs seek refuge through citation to *Naranjo v. SBMC Mortgage*, 2012 WL 3030370 (S.D. Cal. July 24, 2012). However, *Naranjo* has been expressly rejected as contrary to California law by multiple courts in this District. *See Hosseini v. Wells Fargo Bank, N.A.*, 2013 WL 4279632, n.4 (N.D.Cal. Aug 09, 2013) ("In its opposition, Plaintiff cites *Naranjo v. SBMC Mortg.*,No. 11–cv–2229–L(WVG), 2012 WL 3030370, at *3 (S.D.Cal. Jul. 24, 2012), where the court allowed claims based on a similar challenge to go forward. However, as stated by the court in *Almutarreb*, this opinion is not persuasive because it fails to explain how the plaintiff had standing to challenge the agreement that governed the alleged securitization of the loan. *See Almutarreb v. Ban of NY Trust Co., N.A.*, No. C 12-3061 EMC, 2012 WL 4371410, at *2 n.1 (N.D. Cal. Sept. 24, 2012); *see also Lyshorn v. J.P.Morgan Chase Bank, N.A.*, No. C 12–05490 JSW, 2013 WL 792632, at *4 (N.D.Cal. Mar. 4, 2013) (same)).

Other courts have rejected the same theory behind *Naranjo*, most notably espoused by the California Court of Appeals in *Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079 (2013). The *Glaski* opinion (like *Naranjo*) is an outlier and is not persuasive. More abundant and better reasoned authority continues to hold that borrowers like plaintiff lack standing to challenge the securitization of the loan and allege claims for breach of a PSA to which the borrower is not a party.

In *Jenkins* v. *J.P. Morgan Chase*, the court held "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Jenkins*, 216 Cal.App.4th 497, 514-515 (2013), citing *In re Correria*, 542 B.R. 319, 324-325 (1st Cir. BAP 2011). As the *Jenkins* court reasoned, "even if any subsequent transfer of the promissory note were invalid, Jenkins is not the victim of such invalid transfer because her obligations under the note remained unchanged." 215 Cal.App.4th at 515. Rather, "… the true victim may be an entity or individual who believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of their interest in the note." *Id*.

Courts have relied on *Jenkins* and dismissed borrowers' securitization claims in the wake of *Glaski*.[2]  *See, e.g., Sabherwal v. Bank of New York Mellon*, No. 11CV2874, 2013 WL 4833940, *4 (S.D. Cal. Sept. 10, 2013) (plaintiffs lack standing to challenge assignments of their loans based on applicable pooling and servicing agreements), citing *Jenkins*, 216 Cal.App.4th at 514-515.  In fact, two recent opinions confirm *Glaski* is the "clear minority on the issue." *Newman v. Bank of New York Mellon*, No. 12-CV-1629 AWI GSA, 2013 WL 5603316, n. 2 (E.D. Cal. Oct. 11, 2013).  In *Newman*, the court found there was no reason to deviate from the long-standing conclusion that an alleged violation of the PSA is not a proper basis for *any* cause of action alleged by a non-party to that agreement.  *Id.* at *3.  It further noted no court has followed *Glaski*, and concluded that "[u]ntil either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, [it] will continue to follow the majority rule." *Id.* at n. 2, citing *Jenkins*, 216 Cal. App. 4th at 515.  Similarly, in *Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12CV2106, 2013 WL 5568737, * 8 (S.D. Cal. Oct. 3, 2013), the court found *Glaski* unpersuasive.

Likewise, federal district courts in California remain steadfast that the sale of the note while a borrower is making her loan payments has no effect on her obligations.  *Mulato v. WMC Mortgage Corp.*, No. 09-3443, 2010 WL 1532276, at *2 (N.D. Cal. April 16, 2010) (securitization did not affect ability to foreclose); *Benham v. Aurora Loan Servs.*, No. C-09-2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) (same).

*Glaski* and *Naranjo* further contradict foundational principles of California common law. California courts hold to the well-established rule that "someone who is not a party to a contract has no standing to enforce the contract" except "where the contract is made expressly for that person's benefit."  14A Cal. Jur. 3d *Contracts* § 310; *see Rodriguez v. Oto*, 212 Cal. App. 4th 1020, 1028 (2013) ("The governing substantive principle is that a nonparty who claims benefits under the contract is entitled to do so as long as the claimed benefit does not flow to him as a mere incident of the agreement, but is one the contracting parties intended to confer.").

---

[2] To defendants' knowledge, no California appellate court has yet followed *Glaski*.

California courts repeatedly invoke the principle that only intended third-party beneficiaries can sue to challenge the contract parties' breach to bar this type of claim. *See, e.g., Jenkins*, Cal. App. 4th 497, 515; *Sami v. Wells Fargo Bank,* 2012 U.S. Dist. LEXIS 38466, at *15 (N.D. Cal. Mar. 21, 2012) ("[T]he court finds that she lacks standing to do so because she is neither a party to, nor a third party beneficiary of, [the PSA]."); *Hale v. World Sav. Bank*, 2012 WL 4675561, at *6 (E.D. Cal. Oct. 1, 2012) (same); *Armstrong v. Chevy Chase Bank, FSB*, 2012 WL 4747165, at *2-3 (N.D. Cal. Oct. 3, 2012) (same); *McLaughlin v. Wells Fargo Bank, N.A.*, 2012 WL 5994924, at *4 (C.D. Cal. Nov. 30, 2012) (same); *Deerinck v. Heritage Plaza Mortg. Inc.*, 2012 WL 1085520, at *5, n. 10 (E.D. Cal. Mar. 30, 2012) (same). These courts have done so notwithstanding the fact that a borrower alleges the defect in the assignment renders it "void," and they have done so where the alleged voidness springs from the fact that the mortgage was transferred to the trust after the closing date of the trust.

Plaintiffs' claims further fail because they do not articulate any prejudice as a result of the "failed" securitization or the "fraudulent" foreclosure notices. *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 (2011).

**D. MERS acts as the Nominee for the Lender and the Lender's Successors and Assigns.**

Lack of standing aside, plaintiffs' theory is entirely flawed. Plaintiffs argue "MERS' authority to convey the beneficial interest in the Flores loan was extinguished when the loan was sold to the MBS trust." (Opp. pg. 10.) This is nonsensical because pursuant to the deed of trust that Irene Flores signed, MERS was the beneficiary and nominee for the **lender and the lender's successors or assigns**. *See* RJN, Ex. 1 pg. 3. The MBS trust is allegedly a "successor or assign" of the lender. MERS then became the nominee by operation of the deed of trust. Were plaintiffs' argument accepted, every loan for which MERS was designated the beneficiary and nominee that was subsequently sold to a securitized trust would be invalid. Clearly this is not the case as the MERS system has been repeatedly upheld.

**E. There is no Basis to Find the Assignment was Executed without Authority.**

Plaintiffs further claim the foreclosure documents are void because "Regina Lashley executed the 2010 assignment falsely representing that she was employed by MERS where, in fact, she was employed by Aurora, the assignee." (Opp. pg. 13.) This argument, and the corresponding allegation

in the complaint, lack any factual basis whatsoever. Plaintiffs merely say it is so. And in any event, the dual role of an Aurora employee authorized to sign on behalf of MERS is entirely proper as recognized by the Ninth Circuit. *See Cervantes v. Countrywide Home Loan, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) ("MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS. As a result, most of the actions taken in MERS's own name are carried out by staff at the companies that sell and buy the beneficial interest in the loans.") (citations omitted); *see also Chua v. IB Prop. Holdings, LLC*, 2011 WL 3322884, *2 (C.D. Cal. Aug. 1, 2011) ("[T]o the extent that Plaintiffs take issue with [MERS certifying officer] Lisa Markam's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both.") And again, plaintiffs fail entirely to explain how any of the alleged "wrongs" contributed to their undisputed default and failure to bring the loan current. If the defendants have no interest in the loan, and some other unspecified entity does, that entity would have a claim against defendants, not plaintiffs.

### F. Plaintiffs Cannot Quiet Title.

Plaintiffs misunderstand defendants' motion to dismiss their quiet title claim. Defendants do not contend plaintiffs must tender to quiet title. Plaintiffs must repay the entire amount of the debt because even if they were to tender her debt, tender is not a substitute for actual payment of the debt owed. *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) (although plaintiff made tender offer of debt owed, it "was clearly erroneous to quiet her title" where she had not actually paid the debt secured). Moreover, plaintiffs have no standing to bring this cause of action because they no longer hold title to the property. (*See* RJN Ex. 10.) To maintain a cause of action for quiet title, a plaintiff must allege an interest in the property. *Twain Harte Homeowners Ass'n v. Patterson*, 193 Cal.App.3d 184, 188 (1987). Further, as recognized by a California federal court, because the subject property has already been sold at a foreclosure sale, a quiet title claim is unavailable to plaintiff as a method to challenge that sale. *Distor v. US Bank N.A.*, No. C 09-02086 SI, 2009 U.S. Dist. LEXIS 98361, at *17-18 (N.D. Cal. Oct. 22, 2009) ("[B]ecause the property has already been sold, quiet title is no longer an appropriate action to seek to undo the foreclosure").

### G. No Slander of Title.

Plaintiffs' slander of title claim remains fatally defective. *First,* this claim fails because it is entirely derivative of plaintiffs' other baseless claims that the foreclosure notices were "fraudulent" and defendants' perceived inability to enforce the note. *Second*, plaintiffs claim they "suffered direct pecuniary loss as they have made mortgage payments to AURORA who had no authority to collect them" is patently disingenuous. Aurora had authority to collect payments, plaintiffs have made no payments on the loan since October 2010, the property was sold and the loan was charged off. Yet, they still reside in the property.

### H. Plaintiffs' Fraud Claim Remains Deficient.

Plaintiffs' fraud claim, like their other claims, cannot survive this motion to dismiss. At the outset, there is no falsity alleged with factual support. In fact, plaintiffs offer **no facts** to support their naked allegations that the foreclosure documents were fraudulent. They allege MERS lacked authority to assign its beneficial interest and Regina Lashley lacked authority to sign on behalf of MERS, but they have nothing to support these allegations except their own speculation. Further, they fail to allege damages. They allege they were harmed because the property was foreclosed and the "fraud has also negatively impacted Plaintiffs' creditworthiness," they were assessed foreclosure fees and have suffered emotional distress. (Compl., 62-63, Opp. pg. 16.) Plaintiffs fail to allege how or why MERS' alleged misrepresentation of its authority to assign its beneficial interest, or any of the subsequent "fraudulent" foreclosure notices caused these damages. They did not. Respectfully, the property was foreclosed because plaintiff Irene Flores stopped making payments, their creditworthiness was negatively impacted because of her default and their combined four bankruptcies. And yes, they were assessed foreclosure fees. But, plaintiffs paid none of them.

### I. Plaintiffs Lack Standing to Pursue Their UCL Claim and it Otherwise Lacks Merit.

Plaintiffs lack standing to pursue their UCL claim for the same reason they fail to plead fraud—they have not and simply cannot demonstrate a causal link between their allegations of wrongful conduct and their purported damages. And again, *Naranjo* simply should not be followed by this Court for the reasons explained above. This claim further fails because it is entirely boilerplate and derivative of plaintiffs' other baseless claims.

**J. Plaintiffs' Unjust Enrichment Claim Fails.**

Again plaintiffs claim Aurora was not entitled to collect payment so it was unjustly enriched and they are entitled to return of the payments they made (presumably up to the point three years ago when they stopped making payment). There was no "unjust" retention of payments because Aurora, the servicer of the loan on behalf of the trust, was entitled to those payments. Again, because this claim rises and falls with their other claims, it fails for the same reasons. Moreover, plaintiffs do not dispute their receipt of the loan proceeds or their own default. Seeking to unwind the sale, keep the property, as well as the nearly $1,000,000 they borrowed, **plus** secure return of the payments Irene Flores made before defaulting is a simply untenable position.

**K. Defendants Moved to Dismiss Plaintiffs' Claim for Cancellation of Instruments.**

Plaintiffs mistakenly claim defendants did not move to dismiss their claim for cancellation of instruments. Not true. Defendants moved to dismiss plaintiffs' **entire** complaint on grounds of judicial estoppel, failure to tender, lack of standing to challenge the securitization or alleged breaches of the PSA, failure to demonstrate a "fraudulent" assignment, and for the general failure to plead adequate facts to support their chosen cause of action. This claim is entirely derivative of plaintiffs' other claims—there is no other basis to seek cancellation alleged. Defendants therefore moved to dismiss all grounds in support of this claim. Plaintiffs' argument to the contrary is nonsensical.

**III. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED**

Plaintiffs challenge defendants' request for judicial notice of Exhibits 1-5 and Exhibit 10 because they "dispute" the contents of these documents. However, plaintiffs are misapplying the applicable test and rely on outdated case law and meritless objections. In *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 264–67, 129 Cal.Rptr.3d 467 (2011), the most recent controlling opinion in California, the court held "[t]aken together, the decisions discussed above [including *Poseiden* and *Herrera* among others] establish that a court may take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no **genuine dispute regarding the document's authenticity**. From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its

face." 198 Cal.App.4th at 266 (emphasis added). Plaintiffs do not dispute the authenticity of these Exhibits 1-5 and 10. Rather, they claim the signatory Regina Lashley lacked authority to sign on behalf of MERS. Whether Ms. Lashley was authorized to sign for MERS has nothing to do with a dispute over whether the document offered for judicial notice is an authentic copy of the document recorded with the Recorder's Office. And as explained above, plaintiffs have no basis to challenge her authority to sign on behalf of MERS.

Plaintiffs argue Exhibits 6, 8, 9, 11 and 13 should not be judicially noticed because they "dispute Defendants' contention that these documents tend to show that Plaintiffs' willfully failed to apprise the bankruptcy court of their claims in this case." (Opp. to RJN, P. 3.) Again, they misapply the applicable standard. Whether plaintiffs dispute defendants' legal argument is separate and apart from whether the documents offered are authentic copies of plaintiffs' bankruptcy filings and whether those filings fail to schedule the claims they make in this lawsuit. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th at 264–67.

Plaintiffs further argue Exhibits 14-19 should not be judicially noticed because "Plaintiffs dispute Defendants' contention that they support their view that the instant law suit was filed for improper purposes in contravention of Fed. R. Civ. P. 11." (Opp. to RJN, pg. 4.) Plaintiffs continue to misapply the standard. The documents offered are authentic copies of other lawsuits filed by plaintiffs that coincidentally challenge the foreclosure on another property for the very same reasons advanced in this lawsuit. Plaintiffs do not dispute this point, only defendants' argument about their motives for litigation. The request for judicial notice of these documents should be granted.

Plaintiffs' objection to judicial notice of Exhibits 24 through 31 suffers the same fatal defects. Again, plaintiffs dispute only defendants' characterization of the impact of these documents, not their authenticity. Plaintiffs do not dispute that these filings are authentic. And to be clear, defendants did not ask the Court to judicially notice the fact plaintiffs are vexatious litigants or that they have otherwise abused the legal system. Defendants asked the Court to judicially notice the fact that plaintiffs have filed numerous lawsuits, bankruptcies, and otherwise filed multiple motions over the recent years in the ongoing unlawful detainer case.

Plaintiffs' objection to the requested judicial notice of Exhibit 32 is nonsensical. Defendants certainly did not ask the Court to convert the standard of review from a 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. Defendants simply sought notice of a relevant opinion from a sister District Court.

For all of the above reasons, defendants request for judicial notice should be granted.

## IV. CONCLUSION

For the foregoing reasons, as well as those advanced in defendants' motion to dismiss, defendants respectfully request the Court dismiss plaintiffs' first amended complaint, in its entirety, with prejudice.

Dated: November 25, 2013

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Justin D. Balser*
    Justin D. Balser
Attorneys for Defendants
Aurora Loan Services LLC;
Mortgage Electronic Registration Systems, Inc.;
and Deutsche Bank Trust Company Americas, *solely in its capacity as* Trustee for the Certificateholders of the RALI Series 2007-QH9 Trust Mortgage Asset-Backed Pass-Through Certificates, Series QH9

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{27495792;1}    10    CASE NO. CV13-4338-JSW
**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**

# PROOF OF SERVICE

I am employed in the City and County of Denver, State of Colorado.  I am over the age of 18 and not a party to the within action.  My business address is 1400 Wewatta St., Suite 500, Denver, Colorado 80202.

On November 25, 2013, I served the following documents on the persons below as follows:

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**

Charles T. Marshall, Esq.
Law Offices of Charles T. Marshall
415 Laurel Street, # 405
San Diego, California 92101
Tel: 619-807-2628
Fax: 866-575-7413
Email: cmarshall@marshallestatelaw.com
*Counsel for Plaintiffs*

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Denver, Colorado.

☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**

☒ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **November 25, 2013**, at Denver, Colorado.

| Brooke Nicholson | */s/ Brooke Nicholson* |
|---|---|
| (Type or print name) | (Signature) |

{27495792;1}   12   CASE No. CV13-4338-NC

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**