IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IRENE B. FLORES, et al.,

    Plaintiffs,

v.

AURORA LOAN SERVICES LLC, et al.,

    Defendants.

No. C 13-04338 JSW

**ORDER REQUIRING FURTHER BRIEFING**

Now before the Court is the motion to dismiss filed by Defendants Aurora Loan Services Llc ("Aurora"), Mortgage Electronic Registration Systems, Inc. ("MERs"), and Deutsche Bank Trust Company Americas as Trustee for Rali Series 2007-QH9 Trust Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QH9 (collectively "Defendants"). In their motion, Defendants argue that the complaint filed by Plaintiffs Irene B. Flores and Panfilo L. Flores (collectively, "Plaintiffs") should be judicially estopped because Plaintiffs did not list their claims against Defendants as assets in their respective bankruptcy proceedings.

Judicial estoppel, "sometimes known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997). The Supreme Court has stated three factors courts should consider in evaluating a claim of judicial estoppel: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether a party succeeded in persuading a court to

accept its earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001). The Ninth Circuit has held that if the bankruptcy court "accepts" a debtor's assertions regarding his or her assets, a party is precluded from pursuing claims about which he or she had knowledge, but did not disclose, during the bankruptcy proceedings. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001). Moreover, "the debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." *Id*. at 785.

Here, the Court has insufficient information to make a determination as to whether the bankruptcy court "accepted" Plaintiffs' assertions regarding their assets in their respective bankruptcy proceedings. The only documents that Defendants requested the Court take judicial notice of include Plaintiffs' respective bankruptcy petitions and the bankruptcy court's orders on the debtors' motions to dismiss. From this record, the Court cannot draw a conclusion as to whether the bankruptcy court did or did not accept Plaintiffs' assertions at any point during the bankruptcy proceedings. Accordingly, the Court HEREBY ORDERS Defendants to make a further showing regarding whether the bankruptcy court accepted Plaintiffs' assertions regarding their assets in their respective bankruptcy proceedings. By no later than April 8, 2014, Defendants shall file a supplemental brief, as well as a supplemental request for judicial notice, to make the record clear. Plaintiffs may file a response by no later than April 15, 2014.

**IT IS SO ORDERED.**

Dated: March 25, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE